## THE COLUMBIA.[1]

## UPPER DELAWARE RIVER TRANSP. CO. v. SULLIVAN.

(Circuit Court of Appeals, Third Circuit.    April 20, 1894.)

### No. 3.

SHIPPING—NEGLIGENCE OF STEAMER IN PASSING TOW.

The fact that a steamer ascending a narrow and shallow channel against the ebbing tide causes so violent a commotion at the time of passing a tow as to produce a collision between a canal barge and lighter therein, is sufficient to show either that she did not slow up at all or as soon as she should have done, and, in the absence of any excuse, renders her, under the circumstances of this case, responsible for the damage.    55 Fed. 766, affirmed.

This was a libel by John J. Sullivan, master of the barge or lighter Ellen Herron, against the steamer Columbia (The Upper Delaware River Transportation Company, claimants), to recover damages for injuries caused by the agitation of the water produced by the steamer in passing up the Delaware river.    The district court rendered a decree for libelant.    55 Fed. 766.    The claimant appeals.

Alfred Driver and J. Warren Coulston, for appellant.

Henry R. Edmunds, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and GREEN, District Judge.

DALLAS, Circuit Judge.    On the morning of September 14, 1891, at about 8 o'clock, the tug John Weir, with a tow astern consisting of three canal barges and the lighter Ellen Herron (the libelant), left Bordentown, N. J., and was proceeding down the Delaware river to Philadelphia, when she met the steamboat Columbia, passing up the river.    The disturbance of the water occasioned by the steamboat produced a commotion of the tug and its tow of considerable violence, and caused the Ellen Herron to come in contact with the barge in front of her, and she sank in consequence.    Although it was testified that the tow was constructed in the customary way, we are inclined to believe that it would have been better to have placed the lighter in the first tier, instead of in the second.    This, however, we do not consider important, because we do not think that the mischief which was done is chargeable to the manner in which the tow was, in fact, made up.    From all that appears, there is no reason to doubt it would have arrived at its destination in entire safety but for the agitation of the water which was created by the Columbia.    This, and this alone, was the decisive cause of the disaster; and therefore, if negligence—absence of due care under the circumstances—is, in this regard, fairly imputable to those in charge of that vessel, the decree entered against her claimant and his stipulator must be sustained.    The testimony of the witnesses on either side was, as is not unusual in cases of this character, in direct conflict upon the principal controverted question,

[1] Rehearing denied.

viz. whether the Columbia slowed down to avoid injury to the tow, and, if so, at what point, relatively to the then position of the latter, she did so. The learned court below has found that the weight of this evidence is to the effect that she did not slow down at all, and we, of course, regard that finding with very great respect. But, apart from this, we have reached the conclusion, upon facts which are admitted or are indisputable, that the Columbia either wholly failed to reduce her speed, or did not do so soon enough, and therefore, under all the circumstances of this case, was in fault.

The Columbia, as well as the John Weir, was entitled to navigate where this accident occurred, and the rule generally applicable to such cases does not subordinate the right of a steamboat to proceed upon its voyage to the requirements of a tow which is extraordinarily "tender" and unfit for navigation. But the present case is not within the general rule. The standard for most cases is not the measure of due care in all, and in this one the clearly established facts are peculiar and controlling. The Columbia was making a trip which, for a considerable period, she had made daily, and the John Weir, in bringing this tow down the river, was engaged in her customary employment. Similar tows had been frequently met by the Columbia in this vicinity. Ordinary prudence demanded that she should slow down in time to avoid endangering their safety, and it was her constant habit to do so. Upon this particular occasion there was no especial reason for omitting that precaution, and those in charge of the tow were justified in assuming that it would be taken as it had previously been. At the place of the accident the channel was narrow, the water was shallow, and the tide was ebbing. With these conditions it is manifest that the steamboat, in passing up, would, if not slowed, produce an unusually violent disturbance of the water, and the evidence is that she did. That there was a duty to slow down, and in time, seems to be admitted, and we think is unquestionable. The contention really made is that this duty was performed, but that position is rendered untenable by the indubitable fact that the commotion which was made by the Columbia, and which actually did cause the injury to the Ellen Herron, could not have occurred if the speed of the Columbia had been properly checked, and in due time. If anything had been shown from which it might justly be inferred that the Columbia did not negligently fail to slow down, but that her omission to do so was occasioned by some excusing circumstance, the case presented would be very different from that which is before us upon this record. But the allegation on behalf of the Columbia being that she did slow down in time, and that allegation being not sustained, she was rightly held responsible for the casualty which, by slowing, she might have prevented. We have mentioned only such of the facts of the case as our method of dealing with it has seemed to directly involve. Those which we have not stated are sufficiently and satisfactorily set out in the opinion of the learned judge of the district court.

The decree of the district court is affirmed, with costs.